# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LEON RATLIFF,                       )
                                    )
            Plaintiff,              )
                                    )
     v.                             )     1:13CV991
                                    )
WAKE FOREST BAPTIST                 )
MEDICAL CENTER,                     )
                                    )
            Defendant.              )

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1), filed in conjunction with Plaintiff's pro se Complaint (Docket Entry 2). The Court will grant Plaintiff's request to proceed as a pauper for the limited purpose of recommending dismissal of this action, under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.[1]

LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure

---

[1] Plaintiff's Application does not fully address question 3, by referencing his receipt of "[r]ent payments, interest, or dividends" and "AFDC, WIC or Food Stamps" without indicating the specific nature or amount of funds received from these sources. (See Docket Entry 1 at 2.) However, in light of the recommendation of dismissal, no need exists to consider this matter further.

the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2). A complaint falls short when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." Id.[2]

## DISCUSSION

Plaintiff's Complaint names Wake Forest Baptist Medical Center as the sole Defendant. (Docket Entry 2 at 1.) It alleges racial discrimination, neglect, and mistreatment by staff members while Plaintiff underwent surgery at Defendant's hospital. (Id. at 2, 4.) In support of Plaintiff's claims in this regard, the Complaint offers the following factual allegations:

1) on "July 17th, [2013, Plaintiff] was undergoing a[] 6hr surgery were [sic] [Plaintiff] was mistreated in the worst level of [h]atred" (id.);

2) during "2 nights of 'Hospital' stay, [Plaintiff] [o]nly [received] one pain pill" (id.);

---

[2] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly in dismissing pro se complaint); accord Atherton v. District of Columbia Office of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 679, respectively)).

3) Plaintiff received "[n]o wheel chair [a]ssistance [and] waited for allmost [sic] 2 hrs." (id.);

4) "[Plaintiff] never met the staff members that gave the 'Surgery'" (id. at 3);

5) "[t]here were no precautions of medical advice" (id.);

6) "[Plaintiff] almost suffered a Heart Attack! after 6 weeks of [n]ausea and sickness due to no instructions and lack of medical advice" (id.);

7) "[Plaintiff] was treated just like an Outkast [sic], as if [Plaintiff] wasn't even counted as a[] human" (id.);

8) "[Plaintiff] had to be readmitted only to suffer more of the same treatment on August 23rd" (id.);

9) at the "E.R. department . . . they stole[] [Plaintiff's] shirt out of [his] bags [and he went] 5 days without [his] belongings" (id.); and

10) Plaintiff received "[n]o 'Bath[,]' [n]o Pain Pills, [and] [n]o wheel [c]hair upon [f]alling" (id.)

Based on the foregoing allegations, Plaintiff seeks compensation in the amount of $250,000 for "Pain & Suffering and Neglect by Racial Discrimination." (Id. at 4.) Plaintiff's Complaint does not explicitly identify a federal cause of action. (See id. at 1-4.) Title VI of the Civil Rights Act of 1964 prohibits discrimination "on the ground of race, color, or national origin . . . under any program or activity receiving Federal

financial assistance." 42 U.S.C. § 2000d.  A hospital receiving federal funds, including Medicare and Medicaid payments, qualifies as a "program or activity" under Title VI.  See United States v. Baylor Univ. Med. Ctr., 736 F. 2d 1039, 1044-46 (5th Cir. 1984); Dorer v. Quest Diagnostics Inc., 20 F. Supp. 2d 898, 899-900 (D. Md. 1998).[3]  As a result, Title VI affords a cause of action to a patient who alleges racial discrimination in the care given by a medical facility that accepts any federal funds.  See Ferguson v. City of Charleston, S.C., 186 F.3d 469, 479-480 (4th Cir. 1999), rev'd on other grounds, 532 U.S. 67 (2001); see also Alexander v. Sandoval, 532 U.S. 275, 279 (2001) (affirming that Title VI affords private right of action to enforce its provisions, at least with respect to intentional discrimination).  "Courts commonly use the Title VII discrimination proof scheme to evaluate claims for intentional discrimination under Title VI," Escobar v. Montgomery Cnty. Bd. of Educ., No. Civ. A. AW-99-1964, 2001 WL 98600, at *5 (D. Md. Feb. 1, 2001) (unpublished), which allows plaintiffs to proceed by establishing a prima facie case of discrimination or by offering direct evidence of discrimination, see id. at *5-6; Love

---

[3] Similarly, any university which accepts federal funds subjects itself to suit under Title VI.  See 42 U.S.C. § 2000d-4a(2)(A); Radcliff v. Landau, 883 F.2d 1481, 1483 (9th Cir. 1989) ("Receipt of federal financial assistance by any student or portion of a school thus subjects the entire school to Title VI coverage.").

v. Duke Univ., 776 F. Supp. 2d 1070, 1073 (M.D.N.C. 1991), aff'd, 959 F.2d 231 (4th Cir. 1992).

Under Title VI, "[f]or Plaintiff[] to establish a prima facie case of discrimination, [he] must show that [he is a] member[] of a protected class, that [he] suffered an adverse action, and similarly situated individuals did not suffer the same adverse actions in the same or similar situations." Escobar, 2001 WL 98600, at *6. Following this framework, Plaintiff's Complaint fails to state a claim for racial discrimination. The Complaint neither identifies Plaintiff's race nor describes medical treatment received by similarly situated individuals of another race. (See Docket Entry 2 at 1-4.)

Simply invoking the term "racial discrimination" does not suffice to state a claim. See, e.g., Iqbal, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). In fact, the Complaint's only factual reference to race concerns the allegation that Plaintiff suffered "misconduct by Black and White staff members." (Docket Entry 2 at 2.) Simply put, the Complaint lacks any factual allegations consistent with either direct evidence of racial discrimination or any inference of racial discrimination.

Beyond its wholly conclusory claim of racial discrimination, Plaintiff's Complaint appears to allege a state-law medical

-6-

malpractice claim with no basis for federal jurisdiction, such as diversity of citizenship. In this regard, the Complaint identifies Plaintiff as a resident of High Point, North Carolina, and Defendant as having its principal place of business in Winston-Salem, North Carolina. (Docket Entry 2 at 1.) Such circumstances cannot satisfy the diversity jurisdiction statute. See 28 U.S.C. § 1332(a). In light of the recommended dismissal of the federal claim at the pleading stage and the absence of grounds for the exercise of diversity jurisdiction, the Court should decline to exercise supplemental jurisdiction over any state-law claims and, instead, should dismiss those claims without prejudice. See 28 U.S.C. § 1367(c)(3); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).[4]

## CONCLUSION

Plaintiff's Complaint fails to state a federal claim and this Court should decline to entertain any state-law claims.

---

[4] To the extent statute of limitations concerns may apply to Plaintiff's refiling of any remaining claims in state court, 28 U.S.C. § 1367(d) provides: "The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis and Affidavit/Declaration in Support (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that any federal claim be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and any state-law claim be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

                                                /s/ L. Patrick Auld
                                                     **L. Patrick Auld**
                                         **United States Magistrate Judge**

January 14, 2014